UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

JESUS COLON,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

2005 OCT 21  P 12: 35

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

Crim. No. 3:97CR48 (AHN)
Civ. No. 3:02CV18 (AHN)

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255

Petitioner Jesus Colon ("Colon") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255, requesting that his April 30, 1998, conviction be vacated, set aside, and/or corrected. Colon was convicted by a jury for racketeering and racketeering conspiracy, 18 U.S.C. §§ 1962(c) & (d), violent crimes in aid of racketeering ("VCAR"), 18 U.S.C. § 1959, narcotics conspiracy, 21 U.S.C. § 846, and engaging in a continuing criminal enterprise ("CCE"), 21 U.S.C. § 848. He was sentenced on October 27, 1998, to five life sentences and two sentences of 120 months, all to run concurrently. He now challenges his imprisonment on the basis of ineffective assistance of counsel, double jeopardy, due process, and Apprendi v. New Jersey, 530 U.S. 466 (2000). As set forth below, his petition [dkt. # 1388] is denied.

### BACKGROUND

Colon was a high-ranking member of a Connecticut narcotics racketeering enterprise known as the "Latin Kings." He was tried before a jury and was found guilty of seven counts stemming from

his involvement in that organization. In particular, the evidence adduced at trial demonstrated that Colon was both the president of the New Haven, Connecticut, chapter of the Latin Kings as well as a regional commander, and, engaged in narcotics trafficking and murder. The Second Circuit affirmed Colon's conviction and sentence on January 4, 2001. See United States v. Colon, 1 Fed.Appx. 20 (2d Cir. 2001). Because he did not file a petition for certiorari, his conviction became final in April 2001. See Clay v. United States, 537 U.S. 522, 525 & 527 (2003) (conviction becomes final, inter alia, when time for filing certiorari petition expires); Sup. Ct. R. 13(1) (certiorari petition must be filed within 90 days after entry of judgment).

## DISCUSSION

Colon now seeks to correct and/or vacate his sentence on the basis of ineffective assistance of trial and appellate counsel, double jeopardy, due process, and Apprendi. The government contends that Colon's petition is without merit. The court agrees.

I.  Ineffective Assistance of Trial Counsel

Colon claims that his trial counsel was ineffective "for failing to investigate important matters in defense" of his case. In particular, he submits that counsel did not sufficiently investigate the facts relating to the VCAR murder of Ronald Foreman and the attempted VCAR murder of Betsy Rodriguez, two of

2

the crimes that the jury found him guilty of.  The government counters that Colon fails to show that counsel was ineffective on those bases.

Under Strickland v. Washington, 466 U.S. 668, 687 (1984), a habeas petitioner claiming ineffective assistance of counsel must make a two-part showing.  First, the petitioner must demonstrate that counsel's performance was deficient -- that is, errors were made of such serious magnitude that petitioner was deprived of the counsel guaranteed by the Sixth Amendment.  See id.  Second, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result would have been different.  See id. at 694.  However, because there is a presumption that counsel acted reasonably, ineffective assistance claims necessarily fail if they are only based on "undetailed and unsubstantiated assertions."  Polanco v. United States, No. 99 Civ. 5739(CSH), 2000 WL 1072303, at *10 (S.D.N.Y. Aug 3, 2000) (citations omitted).

In this case, Colon's insufficient, unsubstantiated allegation that his trial counsel "failed to investigate important matters" does not meet the Strickland test.  In particular, Colon's "broad contention does not identify what leads counsel should have followed in such an investigation, the nature of the evidence that could have been discovered or presented, or what possible witnesses should have been contacted,

3

much less how [such evidence] would have revealed exculpatory information or been otherwise helpful to his case." Id. Without stating "precisely what counsel would have learned or how counsel would have learned it," id., "[p]etitioner's bald assertion that counsel should have conducted a more thorough pretrial investigation fails to overcome the presumption that counsel acted reasonably," id. (quoting Matura v. United States, 875 F.Supp. 235, 237 (S.D.N.Y. 1995)), and that "any different conduct might have changed the result." Id. (quoting Lamberti v. United States, No. 95 Civ. 1557, 1998 WL 118172, at *2 (S.D.N.Y. Mar. 13, 1998)). Accordingly, Colon's claim for ineffective assistance of trial counsel must be denied on this basis.

II. Ineffective Assistance of Appellate Counsel

Equally unavailing is Colon's claim of ineffective assistance of appellate counsel. Colon submits that appellate counsel was ineffective because, on direct appeal, he failed to argue that the district court (1) should not have imposed separate sentences for both the narcotics conspiracy and the CCE convictions, (2) erred by instructing the jury that it could consider the narcotics conspiracy to satisfy the "continuing series" element of the CCE count, and (3) should have given a manslaughter instruction with regard to VCAR murder.

Colon's claim fails on all three grounds. As to Colon's first two grounds, which the court addresses together because

4

they are interrelated, he is not entitled to collateral relief even if it was objectively unreasonable for appellate counsel to have forgone those arguments. That is, even if the court erred in imposing separate sentences for the CCE conviction and the lesser included narcotics conspiracy, see Rutledge v. United States, 517 U.S. 292, 296-300 (1996), Colon did not suffer prejudice as a result of such error. Apart from these sentences, Colon still faced three additional life sentences for his convictions on counts one, two, and seven. Because his sentences on the contested counts did not affect his total term of imprisonment, he cannot obtain habeas relief even if his appellate counsel performed deficiently by failing to object to those sentences. See Underwood v. United States, 166 F.3d 84, 87 (2d Cir. 1999) (denying habeas relief in case where sentence for narcotics conspiracy conviction was incorrectly stated separately and "combined" with the CCE conviction because the terms of petitioner's imprisonment were not affected and therefore no prejudice resulted).[1]

Colon's claim also fails as to the third ground because it would have been frivolous for appellate counsel to argue that the court should have given a manslaughter instruction with regard to VCAR murder. The Second Circuit has held that manslaughter is

---

[1] For the same reasons, Colon's petition is also denied to the extent he raises the same claims as to trial counsel.

not a lesser included offense of that crime. See <u>United States v. Diaz</u>, 176 F.3d 52, 101 (2d Cir. 1999). Thus, because the court properly refused to instruct the jury on manslaughter, it was reasonable for appellate counsel not raise that objection on direct appeal. Accordingly, Colon's ineffective assistance of appellate counsel claim is denied.

II. <u>Apprendi</u>

Colon also petitions for habeas relief on the ground that his sentence violates <u>Apprendi</u>. Under <u>Apprendi</u>, any fact, other than a prior conviction, that increases a penalty beyond the proscribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt.[2] See <u>United States v. Luciano</u>, 311 F.3d 146, 149-50 (2d Cir. 2002). Colon's claim fails because he does not demonstrate that the sentence the court imposed exceeds the applicable statutory maximums. See <u>id.</u> Similarly, his claim fails to the extent he argues that his sentence violates <u>Apprendi</u> by virtue of the fact that the court utilized his prior convictions at sentencing because, under <u>Apprendi</u>, those factors need not be submitted to a jury. See <u>id.</u>

---

[2] For purposes of this ruling, the court applies <u>Apprendi</u> and its progeny as understood at the time Zayas's conviction became final, and disregards the change in sentencing law effected by <u>United States v. Booker</u>, 125 S.Ct. 738 (2005).

6

III. <u>Other Grounds for Relief</u>

Colon's other grounds for relief also fail to support his habeas petition. In particular, Colon is not entitled to habeas relief even if the court (1) violated double jeopardy by imposing a separate sentence for both the narcotics conspiracy and CCE convictions, and (2) erred by instructing the jury that it could consider the narcotics conspiracy to find the "continuing enterprise" element of the CCE count. As discussed in Part II, those errors did not result in prejudice to Colon by virtue of the fact that the court sentenced him to three additional life terms of imprisonment on other convictions. Thus, because the sentences imposed on the narcotics conspiracy and CCE convictions had no effect on the overall term of Colon's confinement, the court cannot grant habeas relief on either of those grounds. See <u>Underwood</u>, 166 F.3d at 87.

Similarly, Colon's habeas petition is denied to the extent he asserts that the court should have given a manslaughter instruction with regard to VCAR murder. As discussed in Part II, the Second Circuit has held that manslaughter is not a lesser included offense of VCAR murder. See <u>Diaz</u>, 176 F.3d at 101 (2d Cir. 1999). Accordingly, the court properly refused to give that instruction to the jury, and thus, Colon's petition must be denied on this ground as well.

CONCLUSION

For the foregoing reasons, Colon's petition for a writ of habeas corpus [dkt. # 1388] is DENIED.  Because Colon fails to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.  See 28 U.S.C. § 2253(a)(2).

So ordered this 7 day of September, 2005, at Bridgeport, Connecticut.

_____
Alan H. Nevas
United States District Judge